IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAURICE BULLOCK, # 189070, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv476-MHT |
| ) | (WO) |
| KENNETH JONES, *et al.,* ) | |
| ) | |
| Respondents. ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Maurice Bullock ("Bullock") on June 21, 2016. Doc. No. 1.[1] Bullock challenges his 1996 murder conviction and life sentence entered in the Circuit Court of Barbour County, Alabama. In conclusory fashion, Bullock asserts that the trial court lacked jurisdiction because he is not guilty of the crime for which he was convicted and his sentence was illegal. Doc. No. 1 at 2–3; Doc. No. 1-1 at 1–2. The respondents answer that Bullock's petition is time-barred by the one-year federal limitation period for § 2254 petitions. Doc. No. 6. After reviewing the pleadings and other submissions by the parties, the court concludes that no evidentiary hearing is required and that Bullock's petition should be denied as untimely.

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court. Page references are to those assigned by CM/ECF.

## II.  DISCUSSION

### A.  AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for § 2254 petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 1.  *Bullock's State Court Proceedings*

On September 5, 1996, a Barbour County jury found Bullock guilty of murder. Doc. No. 6-1 at 15. On September 13, 1996, the trial court sentenced Bullock to life imprisonment. *Id.* at 17. Bullock appealed, and on April 18, 1997, the Alabama Court of Criminal Appeals issued an opinion affirming his conviction and sentence.[2] *Bullock v. State*, 697 So.2d 66 (Ala. Crim. App. 1997). Bullock did not apply for rehearing or seek certiorari review.

On December 31, 1997, Bullock filed a *pro se* petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[3] *See* Doc. No. 6-7 at 6–39. The trial court denied the Rule 32 petition on January 23, 1998 (Doc. No. 6-12 at 39–40), and Bullock appealed. On May 29, 1998, the Alabama Court of Criminal Appeals affirmed the trial court's judgment by memorandum opinion. Doc. No. 6-8. Bullock did not apply for rehearing or seek certiorari review.

Over six years later, on December 7, 2004, Bullock filed a second Rule 32 petition with the trial court. *See* Doc. No. 6-12 at 5–12 & 18–35. The trial court denied that petition

---

[2] On appeal, Bullock argued that the trial court erred by not giving a lesser included offense instruction on manslaughter. *See* Doc. No. 6-5. The Alabama Court of Criminal Appeals found that the issue was not properly before it because trial counsel had not objected at the proper time. *Bullock v. State*, 697 So.2d 66 (Ala. Crim. App. 1997). The Alabama Court of Criminal Appeals also held that it was not error to refuse to give the instruction, even if the issue had been preserved, because the facts did not warrant the instruction. *Id*.

[3] In his Rule 32 petition, Bullock argued that (1) Alabama's murder statute is unconstitutional under both the United States and Alabama constitutions; (2) certain jury instructions by the trial court were erroneous; and (3) his counsel was ineffective for not raising these issues and because he did not present or pursue a manslaughter theory. Doc. No. 6-7 at 6–39.

on January 5, 2005 (Doc. No. 6-12 at 48), and Bullock appealed.  On June 17, 2005, the Alabama Court of Criminal Appeals affirmed by memorandum opinion.  Doc. No. 6-15.  Bullock did not apply for rehearing or seek certiorari review.

### 2. *Analysis of Timeliness of § 2254 Petition*

As a general rule, a petition for writ of habeas corpus under § 2254 must be filed within a year of the date on which the petitioner's judgment of conviction becomes final, either by the conclusion of direct review or by the expiration of the time for seeking direct review.  *See* 28 U.S.C. § 2244(d)(1)(A).  For purposes of federal habeas review, Bullock's conviction became final, and the one-year limitation period in § 2244(d)(1)(A) began to run, on May 2, 1997—14 days after the Alabama Court of Criminal Appeals' April 18, 1997 affirmance of Bullock's conviction on direct review—as Bullock failed to apply for a rehearing of the appellate court's decision.  *See* Ala.R.App.P. 40(c) (application for rehearing must be filed within 14 days of the decision being questioned).

Bullock filed a Rule 32 petition in the trial court on December 31, 1997.  Under § 2244(d)(2), that filing tolled the federal limitation period.  *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001).  At that time, AEDPA's one-year limitation period had run for 243 days (from May 2, 1997, to December 31, 1997).  The state court proceedings related to Bullock's Rule 32 petition concluded on June 12, 1998,

14 days after the Alabama Court of Criminal Appeals affirmed the trial court's denial of the Rule 32 petition. *See* Ala.R.App.P. 40(c). On that date, Bullock had 122 (i.e., 365 less 243) days remaining within which to file a timely federal habeas petition. AEDPA's limitation period ran unabated for those 122 days, before expiring on October 12, 1998. Bullock did not file this § 2254 petition until June 21, 2016—over 17 years after the expiration of AEDPA's limitation period.

Although Bullock filed a second Rule 32 petition on December 7, 2004, that filing did not toll AEDPA's limitation period under § 2244(d)(2), because the limitation period had already long since expired. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.; see also, e.g., Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) do not provide safe harbor for Bullock such that AEDPA's limitation period commenced on some date later than April 18, 1997, or (counting tolling under § 2244(d)(2)) expired on some date later than October 12, 1998. There is no evidence that an unlawful state action impeded Bullock from filing a timely § 2254 petition, *see* § 2244(d)(1)(B), and Bullock submits no ground for relief with a factual predicate not discoverable earlier through exercising due diligence, *see* § 2244(d)(1)(D). Bullock also presents no claim resting on a "right [that] has been newly

5

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

Bullock maintains that his claims are not subject to AEDPA's limitation period because they challenge the legality of his sentence and are jurisdictional in nature. Doc. No. 16 at 1–5. However, there is no exception to the limitation period in § 2244(d) for claims alleging lack of jurisdiction by the state trial court. *See, e.g., Pope v. Butler*, 2012 WL 4479263, at *1 (N.D. Ala. 2012), quoting *Brown v. Patterson*, 2012 WL 3264896, *3 (M.D. Ala. 2012) ("While Pope argues that his claim challenging the validity of his conviction and sentence presents a 'jurisdictional' claim that is not governed by the one-year limitations period of § 2244(d)(1), 'neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law.'"); *see also Owens v. Mitchem*, 2012 WL 4009335, *3 n.3 (N.D. Ala. 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."); *Nettles v. Secretary, Dep't of Corr.*, 2012 WL 1309360, *2 (M.D. Fla. 2012); *Griffin v. Padula*, 518 F.Supp.2d 671, 677 (D. S.C. 2007); *Ahmed v. Hooks*, 2007 WL 128787, *1 (S.D. Ala. 2007); *Beaulieu v. Minnesota*, 583 F.3d 570, 574 (8th Cir. 2009) ("Whether Minnesota had jurisdiction of [the petitioner's] claim was a matter for the Minnesota courts to address. [The petitioner] misapprehends the nature of federal habeas review, and we hold that his subject matter jurisdiction claim does not preclude a finding of procedural default .").

2. *Equitable Tolling*

In rare circumstances, AEDPA's limitation period may be equitably tolled on grounds other than those specified in the habeas statute where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida.*, 560 U.S. 631, 649 (2010). *See also Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Bullock says he is entitled to equitable tolling because he was rendered incompetent and insane by a severe mental condition that prevented him from filing a timely § 2254 petition. Doc. No. 11 at 1–2. A habeas petitioner's mental incapacity may support a request for equitable tolling if the petitioner establishes a causal connection between his alleged mental incapacity and his ability to file his petition in a timely manner. *See Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005). The petitioner must allege more than "the mere existence of physical or mental ailments" to invoke the equitable tolling of the limitation period. *See Rhodes v. Senkowski*, 82 F.Supp.2d 160, 173 (S.D. N.Y. 2000).

Bullock's claims of mental illness do not support a finding that his § 2254 petition might be rendered timely by equitable tolling. His allegations are far too vague and conclusory to establish that his mental illness prevented him from filing a § 2254 petition by October 12, 1998 (when AEDPA's limitation expired), or that, in waiting until June 21, 2016, to file a § 2254 petition, he acted with reasonable diligence for a person in his

7

circumstances. In December 1997, Bullock was capable of filing a *pro se* Rule 32 petition in the state trial court. In April 1998, after the trial court denied that petition, he filed a cogent *pro se* appellate brief challenging the trial court's judgment. Doc. No. 6-10. In December 1998, Bullock filed a *pro se* § 2254 petition in this court. *See* Civil Action No. 2:98cv1403-WHA. He litigated that petition in this court through August 1999, when it was dismissed without prejudice. *Id.* Bullock filed a second Rule 32 petition in the state trial court in December 2004. In May 2005, after the trial court denied his second Rule 32 petition, he filed a *pro se* appellate brief challenging the trial court's judgment. Doc. No. 6-13. Before filing the instant § 2254 petition, Bullock initiated three *pro se* 42 U.S.C. § 1983 actions in this court. *See* Civil Action Nos. 2:14cv1257-MHT, 2:15cv59-WKW & 2:15cv638-MHT. Bullock's filing of state and federal lawsuits and multiple petitions challenging his state conviction both before and after expiration of AEDPA's limitation expired shows that, despite his alleged mental challenges, he was capable of pursuing his legal rights and precludes a grant of equitable tolling in this case. *See Couch v. Talladega Circuit Courts*, 2013 WL 3356908, at *4–5 (N.D. Ala. 2013) (denying equitable tolling for § 2254 petitioner where, despite petitioner's alleged mental challenges, petitioner previously filed a Rule 32 petition and motions to reconsider her sentence in state court); *Braham v. State Ins. Fund*, 1999 WL 14011, at *4 (S.D. N.Y. 1999) (filing of other lawsuit during alleged incompetency period demonstrated plaintiff was capable of pursuing her legal rights).

Nothing in the record supports a finding that Bullock's mental illness prevented him from filing a timely § 2254 petition. Therefore, he is not entitled to equitable tolling.

### 3. *Actual Innocence*

Bullock claims that he is not guilty of the crime for which he was convicted. Doc. No. 1 at 2–3; Doc. No. 1-1 at 1–2. Application of AEDPA's statute of limitations may be overcome by a credible showing by the petitioner that he is actually innocent. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[This] standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537.

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

9

513 U.S. at 324.

Here, Bullock points to no new reliable evidence, as required by *Schlup*, to support a claim of actual innocence.  Instead, he reargues the sufficiency of the evidence presented at trial and the weight the jury afforded such evidence.  He bases his claim of actual innocence on his testimony denying that he shot the victim and claiming that his former girlfriend was the shooter.  Such an argument will not sustain a claim of actual innocence. *See Bousley*, 523 U.S. at 623–24; *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle v. Sec'y, Florida Dep't of Corr.,* 672 F.3d 1000, 1017–18 (11th Cir. 2012) (evidence is not considered "new" when the jury heard the substance of virtually all such evidence); *Rutledge v. Neilsen*, 2012 WL 3778987 at *7 (M.D. Ala. 2012) (allegations going to sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence).

As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted).  Bullock's is not such a case.

For the reasons set forth above, Bullock's § 2254 petition is time-barred and his claims are not subject to further review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation or before April 5, 2018.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).

Done, on this the 22nd day of March, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge